IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**TAMMY RUSSELL**
1981 Willow Glen Lane
Columbus, Ohio 43229

    Plaintiff,

vs.

**DEPARTMENT OF THE TREASURY**
Janet Yellen, Secretary
1500 Pennsylvania Avenue, NW
Washington, D.C. 20420

    Defendant.

Case No.: 3:21-cv-289

Judge

**COMPLAINT WITH
JURY DEMAND**

---

Now comes Plaintiff Tammy Russell ("Russell" or "Plaintiff") by her counsel, and for her Complaint against Defendant Secretary of the Treasury hereinafter referred to as "Defendant" states as follows:

## I.    PARTIES, JURISDICTION & VENUE

1. This is an action predicated on alleged violations of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. §791 et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §621, et seq.

2. Plaintiff is a resident of Ohio and is a Revenue Officer for the Internal Revenue Service (IRS).

3. Defendant Department of the Treasury has various IRS offices located in Ohio and other states, including locations in this judicial district.

4. Jurisdiction in this Court is proper at least pursuant to 29 U.S.C. §791 and 29 U.S.C. §621, Rights Act and 29 U.S.C. §621, the Age Discrimination Act. Plaintiff is a female over the

age of forty and is disabled.

5. Venue properly lies with the Southern District of Ohio, Western Division because Defendant conduct business with this district.

6. On or about July 22, 2021, the Department of the Treasury issued a Final Agency Decision ("FAD") which, granted Plaintiff the right to bring this action in this Court no later than ninety days after Plaintiff's receipt of the decision. Plaintiff has timely filed this Complaint.

## II. FACTUAL BACKGROUND

7. Plaintiff restates the previous allegations of paragraphs 1-6 herein.

8. Plaintiff is a Revenue Officer for the Internal Revenue Service. She is over the age of forty and suffers from the following disabilities, post traumatic stress disorder (PTSD), anxiety disorder and depression.

9. At all relevant and material times, Plaintiff's supervisor(s) and management team were aware of her age and disabilities, as well as being aware of prior protected activity.

10. On September 25, 2017 Plaintiff began a long period of medical leave. On or about October 2017, Plaintiff obtained a new first line supervisor. On or about November 16, 2017 Plaintiff sent this supervisor an email she would need to remain on medical leave until December 5, 2017.

11. On November 29, 2017 Plaintiff's supervisor mailed her the annual appraisal for her prior year's performance. Plaintiff was unable to return to work until March 5, 2018.

12. As a result of the annual appraisal being mailed to Plaintiff, she was not given the opportunity to challenge the rating and was the only employee in her department that received the annual appraisal by mail.

2

13. Plaintiff believed her age was a factor in the process associated with the appraisal given to her in November 2017 and likewise her medical condition/disabilities because Defendant did not consider Plaintiff needed assistance when the appraisal was mailed and her supervisor failed to return her call.

14. While on medical leave from September 25, 2017 until March 5, 2018. Defendant placed Plaintiff on Leave Without Pay (LWOP) even though Plaintiff requested advanced sick leave and had approved leave under the Family Medical and Leave Act (FMLA).

15. On or about March 2, 2018 Plaintiff filed a reasonable accommodation request in respect to her disabilities/medical conditions consisting of anxiety, PTSD and ADD, that her then office environment made her ill and that office noise distracted her from attending to her job duties, and that working in the office made her paranoid and gave her panic attacks. As a reasonable accommodation Plaintiff requested telework, a reduced inventory, union representations in all meetings with management and additional work breaks as needed.

16. Defendant failed to respond to Plaintiff's requests. Further Plaintiff then updated and revised her requests for reasonable accommodations to include an office space with a door and added the conditions of memory issues, optical migraines, blurred vision, lower back pain and depression to her accommodation documentation.

17. Subsequently, on or about April 24, 2018 Defendant denied Plaintiff's requests for reasonable accommodation for telework, an enclosed office and a reduction in inventory but did approve an ergonomic chair for Plaintiff's back pain.

18. Defendant noted that while Plaintiff did have some limitations in major life activities, her problem working appeared to be specific to her working in her current office, and was therefore

not a disability/accommodation issue. Defendant's decision was made final on February 21, 2018.

19. Plaintiff believes her accommodation requests were denied due to her prior protected activity and further believes that younger co-workers were easily able to receive accommodations.

20. Plaintiff, in respect to her annual appraisal process always included the conducting of a "ride along" in the field with her first level supervisor. In May 2018 Plaintiff's supervisor assigned a co-worker to conduct the ride along and advised Plaintiff he would not do a "ride along" with her. Plaintiff believes that she was treated differently than younger employees and employees without disabilities.

21. On May 23, 2018 Plaintiff's supervisor required a co-worker to sit in on Plaintiff's midyear evaluation. Plaintiff believes that younger employees were not required to have a co-worker sit in on their midyear evaluation and this was in retaliation for her prior protected activity as her supervisor would assert that Plaintiff had "issues going on."

22. On December 14, 2018 Plaintiff's supervisor issued her a written notice documenting that Plaintiff had allegedly failed to follow a management directive. Plaintiff believes this was issued in retaliation for her previously and denied requests for a reasonable accommodation.

23. On December 19, 2018 Plaintiff's supervisor denied Plaintiff's request for advanced sick leave for the period December 17, 2018- December 31, 2018 Plaintiff believes the supervisor denied her request due to her age, medical disabilities and her prior protected activity.

### III. CLAIMS FOR RELIEF
#### A. AGE DISCRIMINATION

24. Plaintiff restates the previous allegations of paragraphs 1-23 herein.

25. Plaintiff alleges this Defendant through her first line supervisor and other management officials treated her differently than comparable younger employees in respect to the working conditions, annual and midyear evaluations leave requests and requests for reasonable accommodations described above.

26. As a result of Defendant's unlawful actions, Plaintiff has incurred economic and compensatory damages, punitive damages and attorney fees and costs.

27. Plaintiff has also experienced the exacerbation of her PTSD, anxiety and depression due to Defendant's unlawful actions.

### B. DISABILITY DISCRIMINATION

28. Plaintiff restates the previous allegations of paragraphs 1-27 herein.

29. Plaintiff was treated differently by her first line supervisor and management officials than non-disabled employees in respect to working conditions, annual and midyear evaluations leave requests and requests for reasonable accommodation described above.

30. As a result of Defendant's unlawful actions, Plaintiff has incurred economic and compensatory damages, punitive damages and attorney fees and costs.

31. Plaintiff has also experienced the exacerbation of her PTSD, anxiety and depression due to Defendant's unlawful actions.

### C. RETALIATION

32. Plaintiff restates the previous allegations of paragraphs 1-31 herein.

33. Prior to the events described herein, Plaintiff engaged in prior protected activity.

34. In retaliation for her prior protected activity and in retaliation for raising the claims asserted herein, Plaintiff was retaliated against by her first line supervisor and management

officials in respect to working conditions, annual and midterm evaluations leave requests and requests for reasonable accommodations as described above.

35. As a result of Defendant's unlawful actions, Plaintiff has incurred economic and compensatory damages, punitive damages and attorney fees and costs.

36. Plaintiff has also experienced the exacerbation of her PTSD, anxiety and depression due to Defendant's unlawful actions.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tammy Russell respectfully demands judgment against Defendant Secretary of the Treasury Department and prays for the following relief;

A. The removal of all documents and records from her personnel file associated with the 2020 termination;

B. An award of compensatory damages in the amount of $300,000;

C. An award of pre and post judgment interest;

D. An award of punitive damages in excess of $250,000;

E. An award of reasonable attorney fees and costs; and

F. Such other relief that this Court deems just and equitable.

Respectfully submitted,

DUWEL LAW

**/s/ David M. Duwel**
DAVID M. DUWEL (0029583)
130 West Second Street, Ste 2101
Dayton, Ohio 45402
PH: (937) 297-1154
FAX: (937) 297-1152

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that on this 20th day of October 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's e-filing system.

                                                **/s/ David M. Duwel**
                                                Attorney at Law

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues claimed and pleaded.

                                                ***/s/ David M. Duwel***
                                                David M. Duwel